**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000545
26-MAY-2017
07:59 AM**

NO. CAAP-16-0000545

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
JAMES W. TUCKER, JR., Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-1785)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Plaintiff-Appellant State of Hawai'i (State) charged Defendant-Appellee James W. Tucker, Jr., (Tucker) with fraudulent use of credit card (Count 1)[1] and unauthorized possession of confidential personal information (UPCPI) (Count 2). The UPCPI charge in Count 2 alleged a violation of Hawaii Revised Statutes (HRS) § 708-839.55 (2014).[2] Tucker moved to dismiss the UPCPI

---

[1] Tucker ultimately pleaded no contest to Count 1 and that charge is not at issue in this appeal.

[2] HRS § 708-839.55 provides, in relevant part:

(1) A person commits the offense of unauthorized possession of confidential personal information if that person intentionally or knowingly possesses, without authorization, any confidential personal information of another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form.

HRS § 708-800 (2014) defines the term "confidential personal information" as follows:

"Confidential personal information" means information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security

(continued...)

charge on the grounds that (1) the statutes defining the UPCPI offense, HRS § 708-839.55 and the definition of "confidential personal information" set forth in HRS § 708-800 (UPCPI statutes), were unconstitutional in that they were overbroad, vague, and violated due process; and (2) the UPCPI charge was defective and failed to provide fair notice of the essential elements of the charged offense because it did not include the statutory definition of the term "confidential personal information."  A declaration of Tucker's counsel, filed in connection with his motion to dismiss, stated that the UPCPI charge against Tucker appeared to be based on reports indicating that he possessed and used a Macy's credit card, without the authorization of its owner, to buy a watch from Macy's.  The credit card owner was later contacted and reported that she had previously lost the credit card and that it may have been taken when her vehicle was stolen.

The Circuit Court of the First Circuit (Circuit Court)[3] dismissed the UPCPI charge in Count 2 with prejudice on the grounds that the UPCPI statutes were unconstitutionally vague and overbroad and violated due process.  The Circuit Court, however, denied the portion of Tucker's motion that sought dismissal of Count 2 on the ground that the charge was defective for failing to include the statutory definition of the term "confidential personal information."  The Circuit Court memorialized its decision in its "Order Granting in Part, and Denying in Part, Defendant's Motion to Dismiss Charge for Unconstitutionally Broad, Vague and Punitive Statute, and for Violation of Due Process" (Order Dismissing UPCPI Charge) filed on July 1, 2016.

---

[2] (...continued)
number, an identifying number of a depository account, a bank account number, a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person.

[3] The Honorable Glenn J. Kim presided.

I.

The State appeals from the Order Dismissing UPCPI Charge. On appeal, the State argues that the Circuit Court erred in concluding that the UPCPI statutes are unconstitutionally vague and overbroad and violate due process. Based on the Hawai'i Supreme Court's recent decision in State v. Pacquing, 139 Hawai'i 302, 389 P.3d 897 (2016), and this court's decision in State v. Mank, CAAP-16-0000342, 2017 WL 432898 (Hawai'i App. Jan. 31, 2017) (SDO), Tucker concedes error. We agree with this concession of error.

II.

In Pacquing, the supreme court held that (1) the UPCPI statutes are not facially overbroad and (2) the UPCPI statutes were unconstitutionally vague as applied to certain aspects of Pacquing's conduct, but were not unconstitutionally vague as applied to other aspects of Pacquing's conduct. Pacquing, 139 Hawai'i at 309-20, 389 P.3d at 904-15. The supreme court further concluded that the portions of the UPCPI statutes that were unconstitutionally vague could be excised in a manner that would render the remaining portions constitutional. Id. at 318-20, 389 P.3d at 913-15. To eliminate the unconstitutional aspects of the UPCPI statute, the supreme court excised the HRS § 708-800 definition of "confidential personal information" as follows:

> "Confidential personal information" means information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security number, an identifying number of a depository account, [or] a bank account number, a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person.

Id. at 319, 389 P.3d at 914.

The supreme court concluded that "[a]fter the deletion of the unconstitutional portions of HRS § 708-800's definition of 'confidential personal information,' its meaning would be circumscribed to the enumerated classes of information preceded

3

by 'including' and information similar to those already enumerated." Id. The supreme court explained that "[t]his means that a non-enumerated item of 'information in which an individual has a significant privacy interest' would qualify as 'confidential personal information' only if that non-enumerated item is similar in nature and character to those already enumerated in HRS § 708-800." Id. at 319-20, 389 P.3d at 914-15. The supreme court held that after the unconstitutional portions of the definition of "confidential personal information" were excised, the remaining portions of the UPCPI statutes were constitutional. Id.

In Mank, we concluded that "a credit card number is an item of information that is similar in nature and character to a bank account number and an identifying number of a depository account, and that a credit card number falls within the definition of 'confidential personal information,' as excised in Pacquing." Mank, 2017 WL 432898, at *3.

III.

Based on the supreme court's opinion in Pacquing and our analysis in Mank, we conclude that the Circuit Court erred in dismissing Count 2 with prejudice based on its determination that the UPCPI statutes were unconstitutional.

We further note that the UPCPI charge in this case is virtually identical to the UPCPI charge in Pacquing. The State in Pacquing conceded that the UPCPI charge was defective because it did not include the statutory definition of "confidential personal information," and the supreme court agreed with the State's concession and held that the charge was legally insufficient. Pacquing, 139 Hawai'i at 308-09, 389 P.3d at 903-04. We conclude, based on Pacquing, that the Circuit Court also erred in denying the portion of Tucker's motion that sought dismissal of Count 2 on the ground that the charge was defective.

In light of these circumstances, we vacate the Order Dismissing UPCPI Charge in its entirety, and we remand the case

4

to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, May 26, 2017.

On the briefs:

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant.

James S. Tabe
Deputy Public Defender
for Defendant-Appellee.

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

5